**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LATESHA TAYLOR, | : | No. |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action - Law |
| | : | (Electronically filed) |
| UPMC PINNACLE AND UPMC | : | |
| PINNACLE HOSPITALS t/d/b/a | : | |
| UPMC PINNACLE HARRISBURG | : | |
| Defendant | : | Jury Trial Demanded |

**COMPLAINT**

Plaintiff Latesha Taylor, by and through her counsel, Anthony T Bowser,

Esquire and Krevsky Bowser, LLC, respectfully submits the following complaint:

**INTRODUCTION**

1.      Plaintiff, Latesha Taylor ("Plaintiff" or "Taylor") brings this action against

UPMC Pinnacle and UPMC Pinnacle Hospitals t/d/b/a UPMC Pinnacle

Harrisburg ("Defendant" or "UPMC") for claims in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq* ("Title

VII") and the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq*

("PHRA"). Plaintiff's claims relate to Defendant's alleged discrimination against her on the basis of race and retaliation against her on the basis of her legally protected activities.

2.    This is an action brought to remedy violations of Plaintiff's civil rights and to redress unlawful discriminatory and retaliatory conduct and employment practices of the Defendant. Plaintiff alleges, *inter alia*, that Defendant discriminated against Plaintiff based on her Race and then retaliated against Plaintiff following her internal complaint of race discrimination. Defendant terminated Plaintiff's employment on or about December 7, 2021, because of her race and in retaliation for her protected activity.

**PARTIES, JURISDICTION AND VENUE**

3.    Plaintiff is an African American adult individual who, at all relevant times, resided in the Commonwealth of Pennsylvania and was employed by Defendant.

4.    Defendant is a not-for-profit health system located in central Pennsylvania, with a principal place of business located at 409 South 2nd Street, Harrisburg, Pennsylvania 17105.

5.    At all relevant times, Defendant was an employer pursuant to Title VII and the PHRA.

6.      This Court has jurisdiction over Plaintiff's legal claims pursuant to 28 U.S.C.

        §1331, as this case arises under Title VII. Moreover, this Court has

        jurisdiction over Plaintiff's PHRA claim pursuant to 28 U.S.C. §1367.

7.      Jurisdiction over Plaintiff's claims is appropriate in that Plaintiff satisfied all

        preconditions to the filing of this action by way of pursuit of administrative

        remedies. Plaintiff timely filed a charge of discrimination with the US Equal

        Employment Opportunity Commission ("EEOC"), which was dual-filed with

        the Pennsylvania Human Relations Commission ("PHRC").

8.      The EEOC issued a notice of right to sue, which was received by Plaintiff on

        September 20, 2022.

9.      Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C.

        § 1391(b), as the facts, circumstances, actions, and omissions took place

        within this judicial district.

10.     At all relevant times, Defendant acted through its agents, apparent agents,

        servants, apparent servants, and/or employees who are authorized and

        acting within the scope of authority, course of employment, and/or under

        the direct control of Defendant.

**UNDERLYING FACTS**

11.     Plaintiff is African American.

12.   Plaintiff commenced employment with Defendant as a Patient Care Technician ("PCT") in or about August 2019.

13.   At all relevant times, Plaintiff was qualified to perform all duties and responsibilities associated with her position as PCT and carried out such duties in a satisfactory manner.

14.   On or about November 2, 2021, a patient accused Plaintiff of being rough with the patient while providing care. These allegations were false. In reality, the patient became upset about issues related to her meal, which were not within Plaintiff's control. During the exchange, the patient made a series of racist comments about Plaintiff and pushed a table at Plaintiff.

15.   On or about November 7, 2021, Defendant suspended Plaintiff without pay pending investigation of the patient's complaint.

16.   Around the same time of the patient complaint and Plaintiff's suspension, Plaintiff filed a complaint of race discrimination, claiming that a Caucasian manager treated white workers better than Plaintiff and other black employees.

17.   During the time Plaintiff was suspension without pay, Plaintiff learned that a similarly situated Caucasian co-worker had been accused of misconduct

that was of a similar, but of a more severe nature than the misconduct of which Plaintiff was accused.

18. Plaintiff's Caucasian co-worker was not suspended without pay pending the investigation of the allegations against her.

19. On or about December 7, 2021, Defendant terminated Plaintiff's employment.

20. Upon information and belief, Defendant did not conduct a timely or effective investigation into Plaintiff's report of racial discrimination.

21. Upon information and belief, Defendant did not conduct a timely or effective investigation into the allegations lodged against Plaintiff by the patient on November 2, 2021.

22. The termination of Plaintiff's employment was the result of Defendant's official action or inaction, as more fully described above.

23. The termination of Plaintiff's employment on the basis of race and in retaliation for Plaintiff engaging in protected activity constitutes an adverse employment action.

## COUNT I
## Title VII – Race discrimination and Disparate Treatment

24. Plaintiff incorporates the above allegations here.

25.   Plaintiff is a member of a class of individuals protected against

discrimination on the basis of race.

26.   Upon information and belief, a similarly situated Caucasian employee was

suspended for a patient complaint, but was allowed to work and earn pay

during the suspension.

27.   Upon information and belief, the similarly situated Caucasian employee's

employment was not terminated by Defendant.

28.   Defendant's disparate treatment of Plaintiff was based on her race.

29.   Defendant's policies and/or practices with respect to prevention/correction

of race discrimination and disparate treatment, if any, were deficient and

inadequate to prevent, correct, and/or remedy unlawful racial

discrimination.

30.   The termination of Plaintiff's employment was the result of Defendant's

official action or inaction, as more fully described above.

31.   Defendant's unlawful discrimination and disparate treatment, as more fully

described above, resulted in adverse employment actions including, but not

limited to, the termination of Plaintiff's employment.

32.   As a direct and proximate result of Defendant's actions and omissions, as

more fully described above, Plaintiff has suffered and will continue to suffer

loss of employment, lost wages and benefits, and future lost wages and benefits.

33.   Plaintiff is entitled to reinstatement to employment with Defendant and seeks reinstatement to employment with Defendant with the same seniority status as she possessed before the discriminatory and retaliatory actions, or front pay if reinstatement is not feasible.

34.   As a direct and proximate result of Defendant's actions and omissions, as more fully described above, Plaintiff has sustained extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of personal life, and loss of enjoyment in life.

35.   As a direct and proximate result of Defendant's actions and omissions, as more fully described above, Plaintiff has sustained an impairment of earning power and earning capacity.

36.   The actions and/or omissions of Defendant, as more fully described above, were extreme and outrageous, egregious, and undertaken with malice, with the direct intent to harm Plaintiff, and/or with callous disregard for Plaintiff's well-being, and with reckless indifference to Plaintiff's statutorily protected rights.  Moreover, Defendant engaged in no good faith effort to

comply with the law or Plaintiff's civil rights, and Plaintiff is thereby entitled to punitive damages.

37.     As a direct and proximate result of Defendant's race harassment, discrimination, disparate treatment, and the resulting hostile work environment, Plaintiff is entitled to her costs and attorney fees pursuant to 42 U.S.C. §2000e-5(k).

## COUNT II
## Title VII – Retaliatory Discharge

38.     Plaintiff incorporates the above allegations here.

39.     Title VII prohibits retaliation in the workplace against employees who have complained of race discrimination in the workplace, opposed unlawful acts, and/or participated in investigations, among other things.

40.     Plaintiff lodged formal complaints of racial discrimination to managerial agents of Defendant.

41.     Plaintiff's opposition to, rejection of, and/or reports of racial discrimination in the workplace constitute protected activity.

42.     Defendant retaliated against Plaintiff because of her protected activity, including but not limited to the following:

a.      Failing to provide Plaintiff with employment conditions and

relationships ensuring a safe workplace free from race discrimination

and retaliation.

b.      Failing to respond, correct, and/or remedy Plaintiff's complaints of

race discrimination in the workplace.

c.      Failing to exercise reasonable care to prevent, correct, and/or

remedy unlawful race discrimination in the workplace.

d.      Suspending Plaintiff's employment on or about November 7, 2021.

e.      Terminating Plaintiff's employment on or about December 7, 2021.

43.    Upon information and belief, Plaintiff's position was replaced by and/or her

job duties reassigned to an individual who did not oppose race

discrimination in the workplace or lodge complaints of same.

44.    Among other things, the termination of Plaintiff's employment with

Defendant effective December 7, 2021, constitutes adverse employment

actions.

45.    As a direct and proximate result of Defendant's actions and omissions, as

more fully described above, Plaintiff has suffered and will continue to suffer

loss of employment, lost wages and benefits, and future lost wages and

benefits.

46.   Plaintiff is entitled to reinstatement to employment with Defendant and seeks reinstatement to employment with Defendant with the same seniority status as she possessed before the retaliatory actions took place, or front pay if reinstatement is not feasible.

47.   As a direct and proximate result of Defendant's actions and omissions, as more fully described above, Plaintiff has sustained extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of personal life and loss of enjoyment in life.

48.   As a direct and proximate result of Defendant's actions and omissions, as more fully described above, Plaintiff has sustained an impairment of earning power and earning capacity.

49.   The actions and/or omissions of Defendant, as more fully described above, were extreme and outrageous, egregious, and undertaken with malice, with the direct intent to harm Plaintiff, and/or with callous disregard for Plaintiff's well-being, and with reckless indifference to Plaintiff's statutorily protected rights.  Moreover, Defendant engaged in no good faith effort to comply with the law or Plaintiff's civil rights, and Plaintiff is thereby entitled to punitive damages.

50.     As a direct and proximate result of Defendant's violation of Title VII, as

more fully described above, Plaintiff is entitled to her costs and attorney

fees pursuant to 42 U.S.C. §2000e-5(k).

## COUNT III
## PHRA – Discrimination and Retaliation

51.     Plaintiff incorporates the above allegations here.

52.     The acts and/or omissions identified above and incorporated herein by

reference violate the Pennsylvania Human Relations Act, 43 P.S. §951, *et*

*seq*.

53.     As a direct and proximate result, Plaintiff has sustained damages as more

fully described above and incorporated here by reference.


**WHEREFORE**, Plaintiff Latesha Taylor respectfully requests the Court enter

judgment in her favor and against Defendant UPMC Pinnacle and UPMC Pinnacle

Hospitals t/d/b/a UPMC Pinnacle Harrisburg for:

    a.      Back pay and benefits;

    b.      Front pay and benefits should reinstatement prove unfeasible;

    c.      Statutory prejudgment interest;

    d.      Punitive damages;

e.    Emotional distress and other compensatory damages;

f.    Reasonable attorney fees and costs;

g.    An Order prohibiting Defendants, its officers, successors and assigns,

and all persons in active concert or participation with it from

engaging in unlawful race discrimination, disparate treatment, and

any other employment practice which discriminates on the basis of

race;

h.    An Order requiring Defendants to institute and carry out policies,

practices, and programs which provide equal employment

opportunities for workers, and which eradicate the effects of past

and present unlawful employment practices; and

i.    Any other relief that this Court deems just and equitable.

Respectfully submitted,

KREVSKY BOWSER, LLC

By:    /s/Anthony T Bowser
       Anthony T Bowser (PA # 204561)
       abowser@krevskybowser.com
       20 Erford Road | Suite 300A
       Lemoyne, PA 17043
       717.731.8600
       *Counsel for Plaintiff*